UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DUSTIN SHANE MOSELEY** : **DOCKET NO. 20-cv-643**
  **D.O.C. # 001753553/45011**   **SECTION P**

**VERSUS** : **JUDGE TERRY A. DOUGHTY**

**JEFFERSON DAVIS PARISH, ET AL.** : **MAGISTRATE JUDGE KAY**

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint [doc. 1], filed pursuant to 42 U.S.C. § 1983, by plaintiff Dustin Shane Moseley, who is proceeding pro se and in forma pauperis in this matter. Moseley is an inmate in the custody of the Louisiana Department of Corrections ("LDOC") and is currently incarcerated at the Jefferson Davis Paris Jail in Jennings, Louisiana ("JDPJ"). He names as defendants the Jefferson Davis Parish Sheriff's Office, Police Jury of Jefferson Davis Parish, Dustin Locke, Katy Holloway and Shift Supervisor Brown.

For reasons stated below **IT IS RECOMMENDED** that claims against the Jefferson Davis Parish Sheriff's Office and the Jefferson Davis Parish Policy Jury be **DENIED**. Plaintiff's allegations of Warden Dustin Locke, Katy Holloway and Shift Supervisor Brown's failure to protect will be addressed in a separate order.

I.
BACKGROUND

According to Moseley's Complaint, he had a prior conflict with another inmate at the Jefferson Davis Parish Jail, Inmate Deshotel. On March 25, 2020, Deshotel was taken out of the dorm and placed on "Rack Back Segregation." Doc. 1, p. 3. At this time, Moseley submitted a

request to the Warden, through the facility's kiosk system, that he and Deshotel be separated because they were enemies and he was "trying to stop something before it starts". *Id*. He did not receive a response from Warden Locke but did receive a reply from Shift Supervisor Katy Holloway saying she would "look into it." *Id*. at p. 5.

Three days later, Shift Supervisor Brown placed Inmate Deshotel back in the same dorm and, specifically, the same four-man cell with Moseley. *Id*.

On April 1, 2020, Moseley contends that Deshotel "incited a fight" with him (*id*.) during which he sustained injuries including cuts on his ear, a broken tooth, knots on his face and head and a bruised or fractured rib. (*id*. at p. 6). After the fight, Moseley contacted prison staff through the intercom system and asked to be removed from the dorm. *Id*. at p. 5. He was removed and placed in holding cell for ten (10) days, written up for fighting, sentenced to 14 days segregation and 28 days with no phone, commissary or visitation. *Id*.

Moseley alleges that he has still not received proper medical care for his injuries and that his requests have been erased from the kiosk.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Moseley has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be

granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983/Bivens*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Improper Defendants*

#### a. *Jefferson Davis Parish Sheriff's Office*

According to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether defendants can be sued in this court. Under Louisiana law, an entity must qualify as a "juridical person," which is defined as "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. Louisiana courts uniformly hold that sheriff's offices or sheriff's departments are not juridical entities. *Sipes v. City of Monroe*, 2013 U.S. Dist. LEXIS 46965, 2013 WL 1282457 at *3 (W.D. La. Mar. 28, 2013) (collecting cases). Accordingly, Moseley's claims against the Jefferson Davis Sheriff's Department fail to state a claim on which relief may be granted and must be dismissed.

### b. *Jefferson Davis Parish Police Jury*

Plaintiff makes no allegations regarding the physical maintenance or funding of the Jefferson Davis Parish Jail. The Fifth Circuit has dismissed allegations against a parish police jury because the allegations did not go to the police jury's responsibility for the physical maintenance and funding of the jail. *See O'Quinn v. Manuel*, 773 F.2d 605, 609 (5th Cir.). In that case, a prisoner who had received severe injuries after a beating by other inmates brought an Eighth Amendment claim against the police jury for failing to provide adequate supervision and protection for the plaintiff. The court found that the parish police jury was not responsible for the care of prisoners within the jail, and, therefore, the complaint failed to allege a cause of action. *Id*. at 609.

In the matter presently before this Court, Moseley does not intimate that the jail was in any respect physically inadequate, much less that the police jury knew of its inadequacies, or that the jail was underfunded. Rather, he simply includes the policy jury in a list of named defendants. Doc. 1, p. 3. Therefore, Moseley's claims against the Jefferson Davis Police Jury fail to state a claim on which relief may be granted and must be dismissed.

### III.
#### CONCLUSION

Accordingly, **IT IS RECOMMENDED** that all claims against the Jefferson Davis Parish Sheriff's Office and the Jefferson Davis Parish Policy Jury be **DENIED and DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 6th day of July, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE